UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01234 PSG (RAOx) | Date: | November 6, 2020 |
| Title: | Antonio Fernandez v. Joseph A. August, et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:**   (In Chambers) **MINUTE ORDER RE DISCOVERY DISPUTE**

On October 16, 2020, Plaintiff reached out to the Court to schedule an informal discovery hearing regarding Plaintiff's request for an expert site inspection. Thereafter, the parties agreed to submit letter briefing on the issue, and the Court issued a briefing schedule. Plaintiff filed an opening letter brief ("Pl. Br.") on October 26, 2020. Dkt. No. 33. Defendant Beatriz Lares M.D., Inc. ("Defendant") filed a responsive letter brief ("Def. Br.") on October 30, 2020. Dkt. No. 34. Plaintiff filed a reply letter brief ("Pl. Reply Br.") on November 4, 2020. Dkt. No. 39. The Court finds the matter suitable for decision without oral argument. *See* Fed. R. of Civ. P. 78; L.R. 7-15.

Plaintiff brings the instant action under the Americans with Disabilities Act ("ADA"). *See* Compl., Dkt. No. 1. On September 8, 2020, Plaintiff served Defendant with a Notice of Request for Entry and Inspection under Federal Rule of Civil Procedure 34 so that Plaintiff's expert could inspect Defendant's property. Pl. Br. at 3. Defendant served Plaintiff with objections, citing concerns of being accused of violating either criminal or civil laws for allowing the site inspection. *Id.* Defendant Joseph August ("August"), who has defaulted in this action, owns the property at issue. *Id.* Plaintiff contends that the inspection is relevant to Plaintiff's ADA claim and there is no burden on Defendant because the clinic at issue is open to the public. *Id.* at 4. Plaintiff requests that the Court order Defendant to allow Plaintiff's expert to conduct the site inspection. *Id.* at 5.

Defendant responds that the site inspection is prohibited by its lease agreement with August and that Defendant may not permit any persons into the clinic except for medical purposes. Def. Br. at 2. Defendant contends that it is subject to civil and criminal complaints if it permits the inspection. *Id.* Defendant also argues that if the Court orders the site inspection,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01234 PSG (RAOx) | Date: | November 6, 2020 |
| Title: | Antonio Fernandez v. Joseph A. August, et al. | | |

the Court will effectively be authorizing a search of personal commercial property without any finding of probable cause or notice to the property owner, in violation of the Fourth Amendment of the U.S. Constitution. *Id.* at 3. Defendant argues that the burden to have properly noticed the site inspection was on Plaintiff and thus should have been served on August as well as Defendant. *Id.* Defendant does not dispute that a site inspection might produce relevant information. *Id.* at 4.

Plaintiff replies that there is no provision in Defendant's lease prohibiting the site inspection. Pl. Reply Br. at 1. Plaintiff contends that the property is open to the public and patrons of the medical facility, and anyone can walk onto the premises without trespassing so long as the purpose is lawful. *Id.* Plaintiff argues that Defendant's Fourth Amendment objection is completely baseless because Plaintiff's expert is not a government agent and this is a private, civil action. *Id.* at 2. Plaintiff also contends that he properly noticed the site inspection. *Id.*

Federal Rule of Civil Procedure 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The parties do not dispute that the site inspection seeks relevant discovery, and such site inspections are standard in ADA cases to inspect the alleged barriers and any additional barriers. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043-44 (9th Cir. 2008) ("[W]here a disabled person has Article III standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation of which he or she has knowledge and which deters access to, or full use and enjoyment of, a place of public accommodation, he or she may conduct discovery to determine what, if any, other barriers affecting his or her disability existed at the time he or she brought the claim.").

Although Defendant does not dispute relevance, Defendant contends that the site inspection is prohibited by its lease with August. The Court has reviewed the highlighted provisions in the excerpts of the lease provided by Defendant and agrees with Plaintiff that it does not appear to prohibit an otherwise lawful and standard site inspection pursuant to the discovery procedures in this ADA lawsuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | CV 20-01234 PSG (RAOx) | Date: | November 6, 2020 |
| Title: | Antonio Fernandez v. Joseph A. August, et al. | | |

      As to Defendant's Fourth Amendment argument, the Fourth Amendment "protects against unreasonable intrusions by the government, but not against the conduct of private individuals." *U.S. v. Sherwin*, 539 F.2d 1, 5 (9th Cir. 1976). For a private search, the Fourth Amendment applies "only if the private party, in light of all the circumstances of the case, must be regarded as having acted as an instrument or agent of the state." *Id.* at 6 (citation and internal punctuation omitted). Here, Plaintiff is requesting a site inspection to seek relevant discovery in his lawsuit. Defendant has not presented and the Court is unaware of any authority that supports Defendant's assertion that discovery sought by a private litigant in civil litigation to seek relevant information in support of that private litigant's claims would constitute a violation of the Fourth Amendment, even if the discovery must ultimately be compelled by Court order.

      Third, Defendant appears to argue that proper notice was not provided to August. Federal Rule of Civil Procedure 34 permits a party to serve on any other party a request "to permit entry onto designated land or other property possessed or controlled by the responding party, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Defendant does not dispute that Plaintiff served the request on Defendant, or that Defendant is in possession of the clinic property at issue. Thus, the site inspection was properly noticed.

      Finally, the Court observes that none of Defendant's concerns regarding August's potential actions against it for permitting a site inspection are based on actual statements or objections by August. Moreover, Defendant has represented that August demanded that Defendant defend him in this action. As described above, it is common practice for a party defending an ADA lawsuit to submit to a site inspection of the property at issue. Without further evidence to support Defendant's concerns about August bringing claims for contract violations or trespass, Defendant has failed to show that any burden or expense to Defendant outweighs Plaintiff's need for relevant discovery.

      Accordingly, the Court overrules Defendant's objections and grants Plaintiff's request. Plaintiff's expert may conduct a site inspection of the property at issue. The parties shall confer as to a mutually agreeable date for the inspection.

**IT IS SO ORDERED.**

                                                                            :
Initials of Preparer     dl